**In re Olga GILMAN, Debtor.**

**Olga GILMAN, Plaintiff,**

**v.**

**BARNETT BANK OF SOUTH FLORIDA, N.A., Defendant.**

**Bankruptcy No. 83–00357–BKC–SMW.**

**Adv. No. 83–0439–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

July 29, 1983.

---

### FINDINGS OF FACT AND CONCLUSION OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER having come before the Court for trial on June 29, 1983, in the above-styled adversary case, the Court having heard the testimony of the witnesses, having examined the evidence presented and being otherwise fully advised in the premises arrives at the following findings of fact and conclusions of law:

The above-styled adversary presents to the Court the issue of whether the Debtor is entitled to avoid the judgment lien of BARNETT BANK OF SOUTH FLORIDA, N.A.

(BARNETT) under Section 522 of the United States Bankruptcy Code. The testimony and evidence on this issue revolved around the Debtor's claim of exempt property for certain real property used as her residence and domicile.

The Court finds that the Debtor is self-employed as a marketing consultant and generates the bulk of family support from this employment. The Debtor has two (2) minor children, the product of a former marriage, which live at home with her and depend upon her for their support. The Debtor receives Social Security payments, from the account of the children's deceased father, which contribute to the support of the family unit. The Debtor is currently married to a citizen of Argentina who spends most of the year in his home country and is unable to legally remove more than $200.00 per year from Argentina thereby preventing contribution to support of the family unit. The Court finds that the Debtor is the head of the household under Florida law.

BARNETT argues that the waiver of exemption included on the financial statement submitted by the Debtor on March 27, 1981 renders the property at issue non-exempt, and therefore outside the scope of Section 522 of the United States Bankruptcy Code. The Court has examined the financial statement and the waiver of exemption contained therein and finds it to be printed in fine print and consisting of approximately 100 words set forth in single sentence fashion. The Debtor's testimony disclosed that she did not understand the contents of this statement and asked the appropriate BARNETT bank officer for an explanation which was not given.

■ The Debtor is entitled to declare her principal residence and domicile as exempt property in accordance with the Florida laws of homestead exemption. As to the affirmative defense of BARNETT asserting the waiver of exemption on the homestead property, the Court concludes that such a waiver is expressly prohibited under Section 522(e) of the United States Bankruptcy Code which states that "... a waiver of exemptions executed in favor of a creditor

that holds an unsecured claim against the Debtor is unenforceable in a case under this Title with respect to such claim against property that the Debtor may exempt under subsection (b) of this section". 11 U.S.C. Section 522(e). Additionally, Florida law concurs in the view that such a waiver is unenforceable. The Florida Supreme Court, in the case of *Sherbill v. Miller Manufacturing Company*, 89 So.2d 28 (Fla.1956), found that a waiver of exemption contained in a note was "... not an alienation of the [exemption] and not enforceable, and secondly, that such a waiver was contrary to the policy of the exemption laws of this State". *Id.*

BARNETT has counterclaimed seeking an equitable lien upon the real property of the Debtor which is the subject matter of this adversary proceeding. The burden of proof in establishing an equitable lien falls upon the counterclaimant, BARNETT.

■ In reviewing the applicable Florida case law on the concept of equitable liens the Court has found the prevailing view to be that of a two-prong disjunctive test, which if satisfied by a creditor, generally warrants the imposition of an equitable lien upon the Debtor's property. The first prong is satisfied when it is found that a written contract shows an intention to charge some particular property with a debt or obligation. The Court finds from the evidence and testimony presented that the promissory note executed by the Debtor does not reflect an intention to charge a particular piece of property with the debt or obligation. To the contrary, the promissory note clearly states that collateral is "not applicable", to the loan transaction. The second prong of the disjunctive test imposes an equitable lien where mistake or material misrepresentation necessitates equitable relief based on unjust enrichment or general considerations of right and justice. See *Rinker Materials Corp. v. Palmer First National Bank*, 361 So.2d 156 at 158 (Fla. 1978). The *Rinker* Court emphasized that an equitable lien can be imposed "... only where there is proof of fraud, misrepresentation, or other affirmative deception". *Id.*

at 159. The Court finds that no material fraudulent misrepresentations were made by the Debtor in the March 27, 1981 financial statement.[1] BARNETT has failed to establish the existence of a right to an equitable lien.

Based upon the foregoing the Court finds in favor of the Debtor and against BARNETT.

A separate final judgment will be entered in conformity with these findings of fact and conclusions of law.

---

1. As addressed in Findings of Fact and Conclusions of Law in companion adversary case

# 83-0528-BKC-SMW-A.