In re **KENDALL GROVE JOINT VENTURE, a Florida General Partnership made up of Micar Development Corp., a Florida corporation, and Tasco Properties, N.V., a Netherlands Antilles corp., Debtor.**

**KENDALL GROVE JOINT VENTURE, etc., Plaintiff,**

v.

**Raul J.A. MARTINEZ–ESTEVE, as Trustee, and Comercial El Batazo, C.A., Defendants.**

**Bankruptcy No. 84–01757–BKC–TCB. Adv. No. 85–0180–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

April 1, 1985.

Frank R.S. Fabre, Coral Gables, Fla., for debtor/plaintiff.

Bernard Allen, Cohen, Brown, Reed, Ivans & Schwartz, Miami, Fla., for defendant, Raul J.A. Martinez-Esteve.

Robert G. Hewitt, Harper & Hewitt, Miami, Fla., for defendant, Comercial El Batazo, C.A.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff, chapter 11 debtor, seeks avoidance under 11 U.S.C. § 544 of an adverse decree of specific performance entered one month before bankruptcy against it as the vendor. It has sued not only the successful vendee, but also the holder, Batazo, of an unrecorded mortgage against the property in question. As to Batazo, the debtor also seeks avoidance of that mortgage lien under § 544. Each defendant has answered and the matter was tried on March 21.

The property in dispute is a 15-acre residential development in Dade County, Florida. In September, 1983, the debtor-partnership held unencumbered clear title to the property when it contracted to sell the property to the defendant, Martinez-Esteve. On August 17, 1984, the vendee obtained a decree for specific performance of that contract, requiring a closing and conveyance by the debtor to the vendee. The closing was frustrated by the debtor's appeal which in turn was delayed by the filing of this bankruptcy case, which began as an involuntary proceeding on September 18, 1984.

In an Order With Respect to Claim of Vendee (C.P. No. 32), entered January 25, 1985, I held that the contract was not executory for the purposes of § 365(a) and, therefore, could not be rejected in bankruptcy by the debtor. 46 B.R. 531 (Bkrtcy. Fl.1985) That order then authorized the vendee to proceed with the pending appeal in the State court. The State court has since dismissed the debtor's appeal and the decree for specific performance has become final. Although the vendee has been authorized to do so, he has not yet obtained enforcement of the decree for specific performance.

The lawsuit in which the specific performance decree was entered was filed on September 19, 1983 by another party against the debtor-partnership, seeking dissolution of the partnership and sale of the property involved here. On the same day, that party recorded a notice of lis pendens giving notice of the pendency of that action. The decree for specific performance was also duly recorded five days after its entry, on August 22, 1984. As has been noted, these events preceded the commencement of this bankruptcy case on September 18, 1984.

Section 544(a)(1) and (2) give to a bankruptcy trustee the rights and powers, as of the date the bankruptcy case began, of a perfect judgment-lien creditor, without notice of any competing claims other than those of record on that date. This chapter 11 debtor enjoys the same rights and powers given to a bankruptcy trustee. Section 1107(a). The debtor argues from these statutes that the vendee's claim against the property is subordinate to the debtor's claim as trustee for the benefit of all creditors.

■ The debtor's argument erroneously ignores the effect of recordation of the vendee's judgment for specific performance. Rule 1.570(d) of the Florida Rules of Civil Procedure, provides that a judgment for a conveyance or transfer of real property:

> "shall have the effect of a duly executed conveyance ... that is recorded in the county where the judgment is recorded."

■ The debtor contends that the notice of lis pendens filed in July, 1983, protects only the State court plaintiff who filed the lis pendens and, therefore, gave no notice of the vendee's claim, ultimately recognized in the 1984 judgment entered in that case. I disagree. A lis pendens gives notice to the world of the pendency of litigation affecting the property described. As stated in *Beefy King International, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir.1972), applying Florida law:

> "The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court."

*See also Procacci v. Zacco*, 402 So.2d 425, 427 (Fla.Dist.Ct.App.1981). There is no sound reason nor authority for the debtor's argument that such notice protects only the interest of the party who filed the notice.

It follows that the debtor cannot avoid the vendee's title and interest under § 544(a)(1) or (2).

■ The debtor also argues that the vendee's claim is avoidable under § 544(b) which permits the trustee to avoid any claim which would be avoidable under State law by any actual creditor of the debtor holding an unsecured claim. The debtor asserts the rights of an unsecured creditor whose claim was reduced to judgment duly recorded on December 8, 1983, some five months after the lis pendens was recorded.

As has been noted, this creditor's claim is not superior to, but is subordinate to the vendee's claim. The debtor has shown no basis, therefore, for avoidance of the vendee's title or interest.

I now turn to the cause of action asserted against Batazo. This holder of an unrecorded mortgage against the property upon which $595,800 is presently owing, appears to hold nothing more than a general, unsecured claim as against the debtor/trustee in view of the provisions of § 544(a)(1) and (2). The purported lien of that mortgage is, therefore, avoided.

The vendee is now at liberty to seek the assistance of the State court in enforcing the decree for specific performance entered by that court, and this debtor's right, title and interest in the real property, is restricted to its claim for the balance of the purchase price payable at closing under the terms of the specific performance decree.

As is required by B.R. 9021(a), a separate judgment will be entered in accordance herewith. Costs may be taxed on motion.