In re SOUTH FLORIDA TITLE, INC., German Luengo and Caridad Luengo, Debtors.

Steven FRIEDMAN, Trustee, Plaintiff,

v.

German LUENGO and Caridad Luengo, Defendants.

Bankruptcy Nos. 88–03891–BKC–TCB, 88–03896–BKC–TCB and 88–04348–BKC–TCB.

Adv. No. 89–0267–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

July 31, 1989.

See also, Bkrtcy., 102 B.R. 266.

Steven H. Friedman, Miami, Fla., trustee, pro se.

William Manker, Miami, Fla., for defendants.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee in these three related involuntary bankruptcies seeks avoidance under 11 U.S.C. § 548(a)(1) and recovery under § 550 of the allegedly fraudulent transfer of $102,843 on August 17, 1988 from an escrow account owned by the debtor South Florida Title, Inc. ("SFT") to the principals of that company, the debtors German and Caridad Luengo, husband and wife.

In a second count, the trustee seeks imposition under § 544 of a lien in the amount of the transfer upon the Luengo homestead, because the entire transfer was used to pay off the second mortgage on that property.

The matter was tried on July 13. The Luengos, who both invoked the Fifth Amendment and interspousal privilege, offered no evidence and no argument. By their Answer (CP 12), they have admitted all of the trustee's factual allegations.

### The Relevant Facts

The facts are simple. In 1986, the Luengos purchased and remain the owners of a single-family home and an adjoining lot on Sunset Drive in Miami, executing a purchase money second mortgage on the property in favor of a mortgage company.

On August 17, 1988, less than three months before involuntary bankruptcy petitions were filed against SFT and each of the Luengos, the Luengos, who were the officers and directors of SFT and the sole signatories on SFT's escrow account, paid off and satisfied the second mortgage with a cashier's check in the amount of $102,843 purchased that day with a check drawn

upon the SFT escrow account and signed that day by German Luengo. No consideration was received by SFT for the transfer, and no explanation or justification for that withdrawal has ever been proffered by the Luengos.

Liens in the total amount of $184,291 which should have been satisfied with funds entrusted to the Luengos on behalf of SFT, were not satisfied and the title insurance underwriter, Commonwealth, was required in each instance to make good the loss resulting from the Luengos' failure to do so. The funds to satisfy these liens have been traced into the SFT escrow account, which was under the complete and exclusive control of the Luengos. SFT was rendered insolvent by the August 17 transfer.

### Discussion

■ From the foregoing facts and the negative inference arising from defendants' invocation of their Fifth Amendment privileges, *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), I find that the foregoing transfer was made with actual intent to hinder, delay and defraud SFT and the creditors of SFT.

The trustee has proved each of the statutory elements of § 548(a)(1) with respect to the transfer which was, therefore, fraudulent, and is avoidable by the plaintiff.

■ The trustee has also proved that the Luengos were the persons for whose benefit the fraudulent and voidable transfer was made. He is, therefore, entitled, under § 550(a)(1) to judgment in the amount of $102,843 against the Luengos, jointly and severally.

■ The trustee is also entitled to the imposition of an equitable lien against the Luengos' property on Sunset Drive. This is a matter governed by State law. *Beall v. Pinckney*, 150 F.2d 467 (5th Cir.1945). Florida law clearly entitles the trustee to the lien he seeks. *Jones v. Carpenter*, 90 Fla. 407, 106 So. 127 (1925) (affirming bankruptcy trustee's equitable lien for sums drawn by defendant from account of a corporation and traced to improvements made on defendant's homestead).

The Florida Supreme Court said:

"This case presents an instance of injustice and hardship on creditors that the homestead exemption should not be extended to, and we think appellee must make restitution." *Id.* 106 So. at 130.

### Conclusion

As is required by B.R. 9021, a separate judgment will be entered under 11 U.S.C. § 548(a)(1) and § 550(a) for plaintiff in the amount of $102,843 against the defendants jointly and severally, and imposing an equitable lien in that amount in favor of the plaintiff against the real property specifically described in ¶ 8 of the Complaint (CP 1). Costs may be taxed on motion.

DONE and ORDERED.