In re Angelo J. **DIAMOND** and Clarita A. **Diamond**, his wife, Debtors.

**FIRST UNION NATIONAL BANK, OF FLORIDA, Plaintiff,**

v.

Angelo J. **DIAMOND** and Clarita A. **Diamond**, his wife, Defendants.

**Bankruptcy No. 95–21954–BKC–PGH. Adv. No. 95–1330–BKC–PGH–A.**

United States Bankruptcy Court, S.D. Florida.

April 30, 1996.

Scott E. Simowitz, Mandel, Simowitz, Weisman, Scherer & Diaz, P.A., Boca Raton, FL.

Christopher J. Keith, Ft. Lauderdale, FL, for debtors.

*FINDINGS OF FACT AND CONCLU-
SIONS OF LAW GRANTING PLAIN-
TIFF'S, FIRST UNION NATIONAL
BANK OF FLORIDA, MOTION FOR
SUMMARY JUDGMENT*

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS CAUSE** came before the Court pursuant to Plaintiff's, First Union National Bank of Florida ("First Union"), Motion for Summary Judgment and Incorporated Memorandum of Law (the "Motion"), Defendants', Angelo J. Diamond and Clarita A. Diamond (collectively, the "Debtors") Response to Motion for Summary Judgment (the "Response"), First Union's Reply to Defendants' Response, the Joint Stipulation of Facts (the "Joint Stipulation") and the Supplemental Joint Stipulation of Facts at to Plaintiff's Motion for Summary Judgment (the "Supplemental Joint Stipulation"). The Court having reviewed and considered the Motion, the Response, the Reply and supporting memoranda, the Joint Stipulation and the Supplemental Joint Stipulation and having noted that the material facts are not in dispute and being otherwise fully advised in the premises hereby makes the following findings of fact and conclusions of law.

## I. *FINDINGS OF FACT*

Based on the Joint Stipulation and the Supplemental Joint Stipulation, the following facts are undisputed. On September 11, 1991, the Debtors executed and delivered to First Union a Prime Equity Line Agreement and Disclosure Statement (collectively, the "Note") with a maximum credit limit of one hundred and sixty five thousand dollars ($165,000.00). The Note contains the following provision:

> **Security:** I am giving you a deed to Secure debt, Mortgage or Deed of Trust (referred to as "Security Instrument" in this Agreement) on my home or other real estate as security for my account located at 2431 S.W. 27th Terrace, Ft. Lauderdale, Florida 33312.

Contemporaneous therewith, in order to secure the Debtor's obligations under the Note, the Debtors executed and delivered to First Union a mortgage (the "Mortgage") granting First Union a security interest in real property (the "Real Property") which is described more specifically as:

> Lot 5, Block 2 of "RIVERLANDS" as recorded in Plat Book 19 Page 12 in the Public Records of Broward County, Florida.

**Street Address:** 2341 Southwest 27th Terrace

Ft. Lauderdale, Florida 33301

First Union lost the original Note and Mortgage before the Mortgage was recorded. Finally, the parties stipulated that the Debtors intended to grant First Union a mortgage lien against the Real Property.

On November 22, 1994, First Union brought an action against the Debtors styled *First Union National Bank of Florida v. Angelo J. Diamond and Clarita A. Diamond, His Wife,* Case Number 94–014089 (12) in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida for the reestablishment of the lost Note and Mortgage (the "State Court Action"). The Debtors filed an Answer in the State Court Action wherein they admitted the execution and delivery of the Note and Mortgage to First Union. In connection with the State Court Action, on December 1, 1994, First Union recorded a notice of lis pendens (the "Notice") in Official Record Book 22883, Page 558, Official Records of Broward County, Florida. The Notice stated that the relief sought in the State Court Action was an action for the reestablishment of the lost Note and Mortgage on the Real Property. Subsequent to First Union's filing of the State Court Action, the Debtors ceased making payments under the Note. On May 19, 1995 (the "Petition Date"), the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Debtors have remained in default on the Note during this bankruptcy proceeding.

In their schedules, the Debtors list the Real Property as homestead property claiming it as exempt from the Bankruptcy estate by virtue of Article X, Section 4 of the Constitution of the State of Florida. Neither the Trustee nor the Debtors' creditors objected to the Debtors' claimed exemption of the Real Property. First Union filed a Proof of Claim in this bankruptcy proceeding as a secured creditor claiming that it is a secured creditor in the amount of one hundred sixty three thousand three hundred sixty three dollars and eighty eight cents ($163,363.88) plus pre-petition interest, costs and fees.

## II. *CONCLUSIONS OF LAW*

This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding whereby this Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), 157(b)(2)(K) and 157(b)(2)(O).

■ In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. *Gui L.P. Govaert, Trustee et al. v. Southern Nat'l Bank of North Carolina and Anthony S. Caserta, Debtor (In re Anthony Sestilio Caserta, Debtor),* 182 B.R. 599, 603–605 (Bankr.S.D.Fla.1995). Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment shall be entered only if "there is no genuine issue as to any material fact and ... the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56; *Clemons v. Dougherty Co., Georgia,* 684 F.2d 1365, 1368 (11th Cir.1982) citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Co.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Having reviewed all the relevant pleadings, this Court finds that there is no genuine issue of material fact that is in dispute and summary judgment must be granted in favor of First Union as a matter of law.

On September 22, 1995, First Union commenced this adversary proceeding seeking this Court's determination of the extent, priority, and validity of First Union's lien pursuant to 28 U.S.C. § 157(b)(2)(K). Although First Union concedes that it failed to record the Mortgage, First Union claims that it retained an equitable lien on the Real Prop-

erty, which is superior to all other interests in the Real Property. First Union also seeks a declaratory judgment establishing the extent, priority, and validity of its lien against the Real Property by virtue of the original Note and Mortgage and this Court's imposition of an equitable lien on the Real Property. Furthermore, First Union states that the recording of the Notice would have charged prospective purchasers and encumbrancers with constructive notice of the pendency of litigation and such purchasers and encumbrancers would take subject to the decree of the State court regarding First Union's alleged lien.

The Debtors claim, however, that there are no special equities justifying this Court's imposition of an equitable lien on the Real Property since it is exempt as homestead property pursuant to Article 10, Section 4 of the Florida Constitution. In addition, the Debtors assert that any lien held by First Union is avoidable pursuant to 11 U.S.C. §§ 522 and 544. The Debtors state that it is a longstanding tenet of Bankruptcy law that a trustee always has the power to avoid any unperfected lien, even an equitable lien, which could have been perfected but was not. Furthermore, the Debtors claim that since the Notice only affords constructive notice of First Union's alleged lien, the "strong arm" provisions of 11 U.S.C. § 544 can be used to avoid First Union's alleged lien.

## A. FIRST UNION IS ENTITLED TO AN EQUITABLE LIEN AGAINST THE REAL PROPERTY

A court's determination of a creditor's entitlement to an equitable lien on real property must be made in accordance with applicable state law. *Matter of Bob Cooper, Inc.*, 65 B.R. 609, 611 (Bankr.M.D.Fla.1986). As stated by the bankruptcy court in *Olga Gilman v. Barnett Bank of South Florida (In re Olga Gilman)*, 31 B.R. 930, 931 (Bankr.S.D.Fla.1983), the prevailing view of the State courts of Florida is a **disjunctive** two-prong test whereby the imposition of an equitable lien may be founded upon two basis. The imposition of an equitable lien may be founded upon (1) a contract showing an

intent to charge a particular property with a debt or an obligation **or** (2) a court may impose such a lien out of general considerations of right or justice. See *Jones v. Carpenter*, 90 Fla. 407, 106 So. 127 (1925); *Ross v. Gerung*, 69 So.2d 650 (Fla.1954).

Generally under Florida law, the imposition of an equitable lien based upon general considerations of right or justice requires some equitable basis supporting a court's equitable jurisdiction such as fraud, mutual mistake, estoppel or reprehensible conduct. See *Merritt v. Unkefer*, 223 So.2d 723 (Fla.1969); *Rosen v. Fierro*, 340 So.2d 955 (Fla. 3rd Dist.Ct.App.1976); *Plotch v. Gregory*, 463 So.2d 432 (Fla. 4th Dist.Ct.App. 1985). The fraud, mutual mistake, estoppel or reprehensible conduct must be chargeable to the party resisting the imposition of the lien. See *Zaleznik v. Gulf Coast Roofing Co., Inc.*, 576 So.2d 776 (Fla. 2d Dist.Ct.App. 1991).

However, the Debtors state that when homestead rights are in jeopardy, Florida law requires far more than a mere equitable basis for the imposition of an equitable lien because the homestead right is a constitutional, fundamental right. The Debtors claim, therefore, that the grounds upon which an equitable lien may be imposed upon homestead property are limited to fraud and reprehensible conduct even where there was a contract evidencing an intent to impose an equitable lien. See *Bruce Elliot Meltzer v. Beverly A. Mantovani (In re Bruce Elliot Meltzer)*, 171 B.R. 166, 168–169 (Bankr. S.D.Fla.1994) (it is well established that when an equitable lien is sought against homestead real property, some fraudulent or otherwise egregious act by the beneficiary of the homestead must be proven); *In re Grocki*, 147 B.R. 274 (Bankr.S.D.Fla.1992); *In re South Florida Title, Inc.*, 104 B.R. 489 (Bankr.S.D.Fla.1989).

In *Palm Beach Savings & Loan Assoc., F.S.A., et al. v. Deborah Fishbein*, 619 So.2d 267, 271 (Fla.1993), the Supreme Court held that equitable circumstances permit an ex-

ception to the constitutional exemption of homestead property in order to prevent unjust enrichment.[1] In addition, the *Palm Beach Savings* Court applying the holdings of the Florida Supreme Court in *La Mar v. Lechlider*, 135 Fla. 703, 185 So. 833 (1939) and *Sonneman v. Tuszynski*, 139 Fla. 824, 191 So. 18 (1939), stated:

> [I]t is apparent that where equity demands it this Court has not hesitated to permit equitable liens to be imposed on homesteads beyond the literal language of article X, section 4.

*Palm Beach Savings*, 619 So.2d at 271. *See In re Dorothy A. West*, 54 B.R. 855, 856 (Bankr.M.D.Fla.1985).

This Court is also cognitive that other bankruptcy courts in the Southern District of Florida cited, *supra*, have traditionally required the showing of fraud or an otherwise egregious act prior to the imposition of an equitable lien on homestead property. However, two of these decisions were rendered prior to the Florida Supreme Court rendering its decision in *Palm Beach Savings*.

■ The Supplemental Joint Stipulation states that the Debtors intended to grant First Union a mortgage lien on the Real Property. Since First Union established the first prong of the *Gilman* disjunctive two-prong test, it need not prove fraud, mutual mistake, estoppel or reprehensible conduct even though homestead property is the subject of the dispute. In addition, consistent with the Florida Supreme Court's holdings in *Palm Beach Savings, La Mar,* and *Sonneman, supra,* this Court finds that equity demands the imposition of an equitable lien on the Real Property in order to prevent the Debtors from becoming unjustly enriched. Therefore, this Court finds that First Union is entitled to an equitable lien on the Real Property.

## B. FIRST UNION'S RECORDATION OF THE NOTICE GAVE CONSTRUCTIVE NOTICE TO PROSPECTIVE PURCHASERS AND ENCUMBRANCES OF FIRST UNION'S CLAIM AGAINST THE REAL PROPERTY

■ According to Fla.Stat. § 695.01, "no conveyance, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; ..." It is undisputed that First Union failed to record the Mortgage. However, First Union did record the Notice. A notice of lis pendens gives notice to the world of the pendency of litigation affecting the property described therein. Similar to the recording requirement of Fla.Stat. § 695.01, the purpose of a lis pendens is to notify prospective purchasers and creditors that any interest acquired by them in the property is subject to the decree of a court. *In re Kendall Grove Joint Venture*, 50 B.R. 64, 66 (Bankr.S.D.Fla.1985) *citing Beefy King Int'l v. Veigle*, 464 F.2d 1102, 1104 (5th Cir.1972). *See Procacci v. Zacco*, 402 So.2d 425 (Fla. 4th Dist.Ct.App. 1981); *Doyle v. Tutan*, 110 So.2d 42, 46 (Fla. 3rd Dist.Ct.App.1959). Since First Union recorded its Notice on December 1, 1994, prospective purchasers and creditors were on notice of First Union's equitable lien as of December 1, 1994.

## C. THE DEBTORS DO NOT HAVE THE POWER TO AVOID FIRST UNION'S EQUITABLE LIEN PURSUANT TO 11 U.S.C. § 544(a)

■ Although 11 U.S.C. § 544 specifies the rights of a trustee to avoid certain transfers of property of a debtor, pursuant to 11 U.S.C. § 522(h), a debtor may avoid transfers of his exempt property if such transfers are avoidable by the trustee under 11 U.S.C. § 544 and the trustee does not attempt to

---

**1.** Article X, section 4 of the Florida Constitution provides in relevant part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead ...

avoid such transfer. According to 11 U.S.C. § 544(a)(1) and (2),[2] a debtor is granted, as of the commencement of the case, "strong arm" powers to avoid transfers voidable by a judicial lien creditor, or an unsatisfied execution creditor. Although the rights of a debtor as a judicial lien or unsatisfied execution creditor are governed by federal law, the determination of whether a particular creditor possesses a security interest, which has priority over a debtor, is controlled by state law. *See John K. Pearson, Trustee v. Salina Coffee House, Inc.*, 831 F.2d 1531, 1533 (10th Cir. 1987). Since First Union duly recorded its Notice on December 1, 1994, First Union's equitable lien became good and effectual both in law and in equity against subsequent creditors pursuant to Fla.Stat. § 695.01. In addition, since the duly recorded Notice resulted in First Union's equitable lien arising prior to the Petition Date, this Court finds that the Debtors can not subsequently use their avoidance powers under 11 U.S.C. § 544(a)(1) and (2) to avoid First Union's equitable lien in the Real Property, *See Bank of South Palm Beaches v. Stockton, Whatley, Davin & Co., etc.*, 473 So.2d 1358 (Fla. 4th Dist.Ct.App.1985) (well-established rule governing priority of lien is first in time is first in right).

Finally, pursuant to 11 U.S.C. § 522(h) and 11 U.S.C. § 544(a)(3), a "debtor" has, as of the commencement of the case, and without regard to any knowledge of the debtor or any creditor, the rights and powers of, or may avoid any transfer of a debtor's property or any obligation that a debtor incurs that is voidable by a bona fide purchaser. *See Leigh Meininger, as Trustee for Lake Abstract & Guaranty Co. v. Paul Grigsby (In re Elmer Daniel Sperry, Debtor)*, 101 B.R. 767, 768 (Bankr.M.D.Fla.1989). However, a bona fide purchaser takes title subject to any recorded liens or interests. *See Lesnoff v. Becker, et al.*, 101 Fla. 716, 135 So. 146, 147 (1931); *Carolina Portland Cement Co. v. Roper, et al.*, 68 Fla. 299, 67 So. 115, 116 (1914); *Caribank v. Stuart Frankel and Maxine Frankel*, 525 So.2d 942 (Fla. 4th Dist.Ct.App.1988). This Court finds that a bona fide purchaser on the Petition Date could not have taken title to the Real Property free and clear of First Union's equitable lien due to the prior recording of the Notice. Therefore, the Debtors cannot avoid First Union's equitable lien under 11 U.S.C. § 544(a)(3).

Consistent with these findings of fact and conclusions of law, it is hereby:

**ORDERED AND ADJUDGED** that:

1. First Union's Motion is hereby granted.

2. This Court finds that First Union is entitled to an equitable lien on the Real Property.

3. This Court finds that the Debtor's can not avoid First Union's lien under 11 U.S.C. § 544(a)(1), (2) or (3) because the Debtors either as a judicial lien creditor, unsatisfied execution creditor or subsequent bona fide purchaser for value, would be charged with notice of First Union's interest in the Real Property as of December 1, 1994, which is the date First Union recorded the Notice.

4. A separate and Final Judgment shall be entered by this Court contemporaneous with even date herewith.

**DONE AND ORDERED.**

---

**2.** Under 11 U.S.C. § 544(b), the trustee assumes the position of an unsecured creditor and may only void an interest in property that is avoidable under state law by such unsecured creditor. Since there are no allegations that First Union's equitable lien is avoidable under state law, the Debtors cannot avoid First Union's equitable lien under 11 U.S.C. § 544(b).