340 So.2d 955 (1976)
Minnie ROSEN, Appellant,
v.
Anthony James FIERRO and Josephine Fierro, His Wife, Appellees.
No. 75-1777.
District Court of Appeal of Florida, Third District.
December 14, 1976.
*956 Ginsberg & Goldman, North Miami Beach, for appellant.
Gars & Dixon, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant was the plaintiff in the lower court and appellees were the defendants. Appellant appeals a final judgment entered on October 17, 1975, which declined to establish an equitable lien on appellees' home in favor of appellant.
The facts of this case are conflicting at best and need not be gone into with any great degree of detail. Suffice it to say that appellees are husband and wife, having been married in 1970. Appellee, husband, was previously married to one Leonare Fierro, the daughter of appellant. The marriage lasted twelve and one-half years, until Lenore died.
In October of 1974, appellees separated. Appellee-wife filed an action for dissolution of marriage and asserted a claim against the jointly-owned marital home. At this point, the evidence would seem to be in dispute, however, it appears that appellee-husband, in an effort to thwart the attempts of appellee-wife to establish a special equity in the marital home, entered into some type of clandestine agreement with appellant. The purpose of this agreement was to attempt to create an equitable lien on the home, in favor of appellant, by claiming that appellant had loaned money to appellees in return for a promise to give appellant a note and second mortgage on the property. The evidence is uncontradicted that appellant, who, up to the time of this lawsuit, had remained very close to appellee-husband, had loaned substantial sums of money to appellees throughout the years and had even made a mortgage payment on the home for appellees.
Based upon the above, appellant sought an equitable lien on the property in the sum of $65,000.00. In addition to the imposition of the lien, appellant also sought a return of all monies loaned appellees.
At the conclusion of the trial, the chancellor found that appellant had "failed to establish by the greater weight of the believable evidence" that appellees had "represented or promised to give a mortgage on the subject property" and declined to impose an equitable lien on said property. In passing upon this issue, the learned chancellor did not rule on that portion of the complaint which sought a return of the monies loaned appellees and that aspect of the case is still pending in the lower court.
From the order denying the establishment of an equitable lien, this appeal follows.
Generally speaking, an award of an equitable lien based upon unjust enrichment or general consideration of right and justice must be predicated on factors such as mistake or material misrepresentation. Merritt v. Unkefer, 223 So.2d 723 (Fla. 1969). In addition, an equitable lien may be declared when one has furnished funds for the improvement of the property of another, with the knowledge and consent of the other. Wagner v. Roberts, 320 So.2d 408 (Fla.2d DCA 1975).
*957 It would appear from the record that there is competent substantial evidence to support the chancellor's finding that, by the greater weight of the evidence, no representation was made by appellees to appellant that in return for money, appellees would give appellant a security interest in the home. In addition, there appears to be substantial evidence in the record to establish the fact that much of the money loaned appellee-husband was done so long before he ever intended to move to Florida, let alone build a home here. With the above in mind, we do not believe the requisites were met in order to establish an equitable lien on appellees' home.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.