**In the Matter of JET EXECUTIVE INTERNATIONAL, INC., Debtor.**

**NORTH AMERICAN AIRLINES, INC., a Florida corporation, d/b/a Air Miami, Plaintiff,**

v.

**James B. McCRACKEN, Defendant.**

**Bankruptcy No. 82–00056–BKC–SMW. Adv. No. 82–1102–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 20, 1983.

Chad P. Pugatch, Ft. Lauderdale, Fla., for plaintiff.

Raymond Ray, Ft. Lauderdale, Fla., for defendant.

James B. McCracken, trustee.

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on for Trial on the 22nd day of December, 1983 upon an Adversary Proceeding pursuant to Part VII of the Interim Bankruptcy Rules for turn-over of assets and injunctive relief and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

The Plaintiff, North American Airlines, Inc., (hereinafter North American) had business dealings with the Debtor, Jet Executive International, Inc., (hereinafter Jet Executive). Jet Executive was proceeding under Chapter 11 of the Bankruptcy Code. The Defendant, James B. McCracken, (hereinafter McCracken) was appointed first, Chapter 11 Trustee and subsequently, Chapter 7 Trustee in Bankruptcy for Jet Executive. A substantial portion of the business dealings between North American and Jet Executive occurred prior to the appointment of McCracken and resulted in a balance allegedly due and owing by North American to Jet Executive for the services rendered by Jet Executive to North American. The validity of this balance asserted was subjected to substantial question by virtue of testimony of one of the Debtor's principals at the hearing on the appointment of a Trustee wherein it was revealed that the balance allegedly owing by North American to Jet Executive had been inflated during a time when the two companies had the same principal one Donald Pennington. North American underwent a change of stock ownership in mid-October of 1982.

The testimony of the parties at Trial, as well as the account card of North American with Jet Executive, which was introduced into evidence, revealed that immediately subsequent to the appointment of McCracken and the change of management of North American, a Five Thousand Dollars ($5,000.00) payment was made on account by North American subject to the balance being reconciled at a later date. It is apparent that this balance was never reconciled so that the Plaintiff and Defendant had never been able to agree upon the balance, if any, due and owing. It is clear, however, that the payments made on account from October 15, 1982 to the present, along with the credits allowable to Plaintiff have exceeded the charges made against the account during that same period of time.

On or about October 29, 1982, while Jet Executive was still under Chapter 11, but subsequent to the appointment of McCracken, North American was negotiating with McCracken to lease certain hangar and office space on the premises of Jet Executive. McCracken ultimately elected not to go forward with this arrangement. However, North American had already, in anticipation of acceptance of the agreement, moved certain aircraft, parts, equipment, and rec-

ords on to the premises of Jet Executive. Subsequent to the breakdown of negotiations, McCracken refused to allow the removal of this property, asserting a lien against same for the payment of the alleged outstanding balance of North American with Jet Executive. Ultimately, the aircraft itself, upon which labor had been performed by Jet Executive, was released in exchange for a Twenty-Five Hundred Dollars ($2,500.00) payment, which is the last payment reflected on the account card.

Undisputedly, no labor or service was performed by Jet Executive upon the remaining property held by McCracken. The refusal of McCracken to deliver the balance of the property to North American resulted in the instant adversary proceeding. Subsequent to the filing of this proceeding, North American itself became a Debtor under Chapter 11 of the Bankruptcy Code pursuant to a Voluntary Petition filed on December 9, 1982 in Case No. 82–02377–BKC–JAG.

The Plaintiff, North American, asserts its entitlement to a turn-over of the property held by McCracken. Based upon the evidence presented at Trial, the Court must agree.

Pursuant to 11 *U.S.C.* § 542 and 11 *U.S.C.* § 1107(a), the Plaintiff, North American, as Debtor-in-Possession, is entitled to the turn-over of all property of North American held by McCracken, unless McCracken is able to assert a duly perfected lien against this property, which would stand up against the avoiding powers of the Debtor-in-Possession.

McCracken asserts his lien rights under *Fla.Stat.* § 713.58, on behalf of Jet Executive, for the labor and services performed upon Plaintiff's property. However, pursuant to *Fla.Stat.* § 713.74, this lien right, which arises upon performance of the labor, is only perfected against purchasers and creditors without notice through possession of the property where personal property is involved. The only property of the Debtor-in-Possession, North American, upon which Jet Executive performed labor was the aircraft which was voluntarily relinquished by the Trustee upon payment of the sum of Twenty-Five Hundred Dollars ($2,500.00). The lien rights were, therefore, unperfected as of the date of the filing of the North American Chapter 11 Proceeding as against the Debtor-in-Possession utilizing its avoiding powers under 11 U.S.C. § 545(2).

■ The only other theory advanced by the Trustee, McCracken, involves the theory of equitable lien or estoppel. It is clear, under Florida law, that a necessary element of recovery under these principles is a clear showing of fraud or misrepresentation perpetrated upon the party claiming the lien. See *ex., Merritt v. Unkefer,* 223 So.2d 723 (Fla.1969). *Jennings v. Connecticut General Life Insurance Company,* 177 So.2d 66 (2nd DCA Fla.1965), *cert. dismissed* 185 So.2d 169 (Fla.1965). *See, also, Armetta v. Clevetrust Realty Investors,* 384 So.2d 55 (4th DCA Fla.1980). The Court finds, based upon the evidence presented, that the Trustee, McCracken, has not met this burden of proof. At best, the circumstances reflect a great deal of confusion and misunderstanding as to whether there was, in fact, even a balance due and owing by North American to McCracken on behalf of Jet Executive. In fact, McCracken, having not been involved with the company at the time the disputed balance arose, was not in a position to testify as to the nature and value of services rendered prior to his appointment, but could only rely upon the business records of the Debtor. The Court does not find these records to be dispositive in view of the disputed balance and prior testimony as to inflation of the amounts owing. Further, the Trustee specifically released the only property upon which a lien could arise in return for the Twenty-Five Hundred Dollars ($2,500.00) payment, which is the only payment on the account card recorded by the Trustee himself.

■ The Defendant, McCracken, having failed to meet his burden of proving the balance due and owing upon which the lien claim would arise, and further having failed to prove by clear and convincing evidence such fraud or misrepresentation which would give rise to an equitable lien or es-

toppel, and, the statutory lien rights asserted by the Trustee being avoidable by the Debtor-in-Possession as set forth above, the Court finds and concludes that the Plaintiff, North American, is entitled to a turnover pursuant to 11 *U.S.C.* § 542, of all North American property in the possession of McCracken as Trustee in Bankruptcy for Jet Executive.

A separate Final Judgment shall be entered in accordance with these Findings and Conclusions.