516 So.2d 1068 (1987)
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant,
v.
Peter A. GEORGE, J. Tracy Rooks, Control Data Business Centers, Inc., and Louis F. Powell, Trustee for Louis F. Powell, M.D., P.A., Defined Contribution Pension Plan, Appellees.
No. 4-86-1117.
District Court of Appeal of Florida, Fourth District.
December 16, 1987.
William Fletcher Belcher, St. Petersburg, for appellant.
J. Bruce Harper of MacPherson, Harper, Kynes, Geller, Watson & Buford, P.A., Clearwater, for appellee-Peter A. George.
HERSEY, Chief Judge.
The final summary judgment from which this appeal is taken provided for the foreclosure of a mortgage and foreclosure of an equitable lien, both for the benefit of appellee, Peter A. George.
The facts are somewhat unusual. Peter A. George and J. Tracy Rooks purchased an office building in Broward County, each acquiring an undivided one-half interest in the property, taking title as tenants in common. They encumbered the property with two mortgages, only the second of which, recorded May 1, 1984, is relevant here.
Subsequent to the purchase, George expended money for maintenance and operation of the building and Rooks failed to contribute his share. When the second *1069 mortgage matured, George purchased the promissory note and took an assignment of the mortgage.
Meanwhile, in unrelated litigation, Merrill Lynch obtained a judgment against Rooks which it promptly recorded in Broward County.
George then brought an action to foreclose the second mortgage, in which he sought from Rooks one-half of the amount which George had been required to pay on the mortgage as well as one-half of all amounts expended for maintenance and operation of the office building.
As to Merrill Lynch, George took the position that because the lien of the second mortgage of which he was assignee was prior in time to their subsequently-recorded judgment, his lien was superior to that of the judgment lienor. George also claimed an equitable lien, arising from sums expended for maintenance and operation of the office building, as having priority over the judgment lien.
In defense, Merrill Lynch divides the sums due George from Rooks for maintenance and operation of the office building into two categories: sums expended before the judgment lien was recorded and those expended thereafter.
We affirm that aspect of the judgment which provides that George's lien for the amount of the second mortgage is superior in right to the lien of the subsequently recorded judgment. The numerous cases cited by the parties dealing with subrogation are not necessary to our determination which rests upon the existence of a specific, express and valid assignment of the promissory note and mortgage.
With regard to the equitable lien claimed by George, there is no quarrel with the proposition that when one co-tenant makes a disproportionate payment of sums required for preservation of the tenancy, a right of contribution arises as the payments are made which may support an equitable lien. See, e.g., Blumin v. Ellis, 186 So.2d 286 (Fla. 2d DCA), cert. denied, 189 So.2d 634 (Fla. 1966).
With reference to those sums expended prior to the judgment lien being recorded, there being nothing in the public records to constitute constructive notice to the judgment creditor or any state of facts giving rise to a duty to inquire, and there being no actual notice, the lien of the judgment has priority.
Since the equitable lien for sums expended after recording of the judgment lien was not even in existence at the time of such recording and there being no circumstances to raise an estoppel or to constitute waiver, the lien of the judgment is clearly superior to that of the equitable lien.
We therefore reverse and remand, holding that foreclosure was appropriate but that appellee is entitled to priority only for sums expended in connection with the retired second mortgage. Appellant's judgment lien has priority over appellee's equitable lien and is therefore entitled to proceeds of any foreclosure sale (or to a comparable credit should appellant bid at the sale) to the extent of its judgment, and sums in excess of all of the foregoing accrue to the benefit of appellee. We note that the existing first mortgage is not affected by any of these proceedings.
REVERSED AND REMANDED.
WALDEN, J., and WEBSTER, PETER D., Associate Judge, concur.