**In re GARRETT MARINE, INC., Debtor.**

**Talbot and Virginia WILSON, Plaintiffs,**

v.

**Lawrence KLEINFELD, as Trustee, Defendant.**

**Bankruptcy No. 84–2742–8P7. Adv. No. 87–051.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 6, 1988.

Robert W. Clark, Washington, D.C., for plaintiffs.

Lawrence S. Kleinfeld, St. Petersburg, Fla., for defendant.

## ORDER ON ORAL JOINT MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the right of Talbot Wilson and Virginia Wilson (Plaintiffs), his wife, to certain funds currently in the possession of the Trustee of the estate, who is the named Defendant in the above-captioned adversary proceeding.

The underlying facts relevant to the resolution of the threshold question are without dispute and can be summarized as follows:

On January 12, 1984, the Plaintiffs entered into a contract with Garrett Marine, Inc., the Debtor (Garrett Marine). (Plaintiffs' Exhibit # 1) Under this contract, the Plaintiffs agreed to purchase an Auxiliary Sloop known as "the Garrett 36 by Bruce Farr"—a vessel to be built by Garrett Marine. (Plaintiffs' Exhibit # 1) Paragraph 6 of the contract required Garrett Marine to carry and pay for full fire and extended coverage insurance on the vessel covered by contract. Garrett Marine did obtain a fire insurance policy from Insurance Company of North America (INA), however, the policy issued by INA named Garrett Marine as the insured but did not name the Plaintiffs as co-insured or as the loss-payees under the policy. (Plaintiffs' Exhibit # 4) The Loss Payee clause of the policy in fact specifically named only Garrett Marine as the loss payee. Further, in connection with the execution of the contract, the Plaintiffs paid Garrett Marine $45,180.00 toward the total purchase price of $75,-315.00. On March 14, 1984, the State of Florida issued a certificate of title naming Wilson Marine as the owner of the vessel, showing a lien in favor of the Bank of Pensacola. (Plaintiffs' Exhibit # 2) On October 1, 1984, the vessel was destroyed by fire while it was still on the premises of Garrett Marine.

On November 30, 1984, Garrett Marine filed its voluntary petition for relief under Chapter 11, but not having been able to achieve reorganization, its case was converted on November 6, 1985, to a Chapter 7 litigation case and Lawrence Kleinfeld was appointed as Trustee to be in charge of the administration of the estate of Garrett Marine. In due course the claim for the fire

loss was presented to INA who agreed to settle all claims of the estate for $500,-000.00, and the settlement was approved by this Court. In turn, INA paid the amount of the settlement to the estate, and the funds are currently held by the Trustee in an interest-bearing account.

The claim of the Plaintiffs is presented for this Court's consideration in a one-count complaint in which they seek a declaration by this Court that they have an equitable lien securing a claim in the amount of $45,180.00 on the insurance proceeds held by the Trustee. In due course the Plaintiffs filed a Motion for Summary Judgment, contending that there are no genuine issues of material facts and they are, therefore, entitled to a judgment in their favor as a matter of law.

On March 14, 1988, this Court entered an order and denied the Plaintiff's Motion for Summary Judgment, having concluded that there were genuine issues of material facts which prevented the resolution of the Plaintiffs' claim by a summary judgment as a matter of law. Subsequently, the matter was scheduled for final evidentiary hearing at which time both the Plaintiffs and the Trustee agreed that there are no disputes as to the facts concerning the threshold and the initial question, i.e., the validity and enforceability of the equitable claim of the Plaintiffs which could be resolved as a matter of law. They further agreed that in the event this Court concludes that the Plaintiffs have a valid, enforceable, equitable lien on the insurance proceeds, the one remaining question would be the extent of the claim covered by the equitable lien. This is so because the equitable lien, if one exists, would be valid only to the extent of the value of the vessel when it was destroyed and not the amount claimed by the Plaintiffs, that is, the monies paid by them toward the purchase of the vessel.

It is the contention of the Plaintiffs that as the contract to purchase the boat required Garrett Marine to carry and pay for full fire and extended coverage insurance on the vessel, an equitable lien should be imposed on the insurance proceeds in their favor as it was the intent of the parties to provide for this insurance coverage for the protection of Plaintiffs. In opposition, it is the contention of the Trustee that an equitable lien is not appropriate in this case as there is no allegation of wrongdoing or fraud on the part of the Debtor. Further, the Trustee contends that since the Plaintiffs are not named as loss payees on the insurance contract, they are not entitled to an equitable lien on the proceeds.

In support of their position, the Plaintiffs rely on the cases of *In the Matter of Rutherford,* 73 B.R. 665 (Bkrtcy.W.D.Mo.1986) and *In re Moore,* 54 B.R. 781 (Bkrtcy.E.D. N.C.1985). In both these cases, equitable liens were imposed on insurance proceeds. In *In the Matter of Rutherford, supra,* the Debtor had promised to make the mortgagee loss payee on the secured property, but failed to do so. The property suffered fire damage and insurance proceeds were collected by the Debtor. Thus, when the mortgagee sought the imposition of an equitable lien on the insurance proceeds, the Court found that where a mortgage instrument clearly provided for the loss payee status of the claimant where the claimant had an insurable interest in property and the insured made a valid and binding promise to insure the claimant's interest, but instead merely obtained insurance for the insured's own benefit, equity would intervene to prevent the claimant's being injured by the breached promise and to prevent the unjust enrichment of the wrongdoer. The Plaintiffs' reliance on this case is misplaced and the case furnishes hardly any support to the undisputed fact that there is no language in the contract between the Debtor and the Plaintiffs that provides for the loss-payee status of the Plaintiffs. In addition there is no evidence that the Debtor made any promise to schedule the Plaintiffs as loss payees on the insurance policy. On the contrary, the contract merely provided that the Debtor would obtain insurance without stating who would be named as a loss payee.

In the case of *In re Moore, supra,* the Debtor executed a deed of trust and security agreement in favor of the plaintiffs and the same provided that the Debtors were to obtain insurance on the building secured by

the deed of trust for the benefit of the Plaintiffs. Although the agreement failed to provide that the Plaintiffs would be listed as loss payees on the insurance policy, the Debtor had promised to insure the Plaintiffs' interest in the property. As the court found, in the absence of a loss payee clause in the insurance policy, the proceeds of the policy should be paid to the individual who entered into the insurance contract; however, if the mortgagor has agreed to provide insurance for the express benefit of the mortgagee, the mortgagee is entitled to an equitable lien on the proceeds of the insurance, notwithstanding the absence of the loss payable provision of the policy.

Although in the case at hand there was no loss payable clause and there was no express promise by the Debtor to list the Plaintiffs as loss-payees, there is no question that the clause in the contract for sale requiring the Debtor to provide insurance was for no one's benefit except for the owner of the vessel. This is so as title to the boat had passed, and thus, the Debtor no longer had an ownership interest to protect. (Plaintiffs' Exh. 2) However, the problem with the Plaintiffs' position is that the entity known as Wilson Marine was legal owner of the boat, and thus there is no evidence in this record that the Plaintiffs had any insurable interest in the boat.

Even assuming for the purposes of discussion that this Court imposed an equitable lien on the insurance proceeds in favor of the Plaintiffs, this lien would be avoidable by the Trustee as a hypothetical judicial lien creditor pursuant to § 544(a)(1) of the Bankruptcy Code. Under Florida law, the right of a subsequent valid lienholder, without notice, is superior to the right of the holder of an equitable lien. *Blumin v. Ellis*, 186 So.2d 286 (Fla. 2d D.C.A.), *cert. den.*, 189 So.2d 634 (Fla. 1966); *Westburne Supply, Inc. v. Community Villas Partners, Ltd.*, 508 So.2d 431 (Fla. 1st D.C.A.1987).

Based on the foregoing, as there are no questions of material fact, this issue may be decided as a matter of law, and the Trustee's Motion for Summary Judgment must be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiffs' Motion for Summary Judgment be, and the same is hereby, denied.