**In re Raymond W. BARNES, and Angelique L. Barnes, Debtors.**

**Charles W. Grant, Trustee, Plaintiff,**

v.

**VNB Loan Services, Inc., a corporation, a subsidiary of Valley National Bank, Defendant/Third Party Plaintiff,**

v.

**Nationsbank, N.A., a national banking association, successor in interest to Barnett Bank, N.A., a national banking association, and Barnett Dealer Financial Services, Inc., jointly d/b/a Barnett Bank, jointly d/b/a Barnett Dealer Financial Services; and Barnett Dealer Financial Services, Inc., a corporation, d/b/a Barnett Dealer Financial Services, d/b/a Barnett Bank, d/b/a Barnett Jax, Third Party Defendant.**

**Bankruptcy No. 98–6835–3F7. Adversary No. 98–243.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 18, 1999.

John G. Bianco, III, Tampa, FL, for NationsBank.

Robert J. Perry, Jacksonville, FL, for VNB.

Charles W. Grant, Jacksonville, FL, Chapter 7 Trustee.

### ORDER GRANTING PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT AND DISMISSING THIRD PARTY COMPLAINT

JERRY A. FUNK, Bankruptcy Judge.

This proceeding is before the Court upon Plaintiff's Motion for Summary Judgment filed on April 7, 1999. (Doc. 21.) Attached to this Motion, are an affidavit by Plaintiff, Charles W. Grant, chapter 7 Trustee, and a Florida Certificate of Title for a 1997 Chevrolet Camaro, an asset of the Bankruptcy Estate and the subject of this adversary proceeding. VNB Loan Services, Inc. ("VNB"), Defendant and Third Party Plaintiff, and NationsBank, N.A. ("NationsBank"), Third Party Defendant, did not respond to this motion as of the date of this order. This Court's Order as to Preparation, Service, and Return of Process and Establishing Motion Hearing Procedures (Doc. 2) provides that when no response to a motion for summary judgment is filed, the Court may deem the motion as unopposed and thereby consented. However, the Court addresses the motion on its merits.

On October 26, 1998, Charles W. Grant ("Trustee") filed a Complaint (Doc. 1) to declare VNB's lien void by virtue of Section 544 of the Bankruptcy Code because VNB had failed to properly perfect its security interest in the automobile on which it has a lien. VNB's lien was not recorded by notation on the State of Florida Certificate of Title on a 1997 Chevrolet Camaro, an asset of the Bankruptcy Estate. Trustee claims a superior interest to VNB in this automobile by virtue of Section 544 of the Bankruptcy Code and Florida Statutes § 319.27. Trustee further seeks to have any security interest VNB may have avoided pursuant to Section 550 of the Bankruptcy Code. On December 4, 1998 VNB filed an Answer and Affirmative Defenses. (Doc. 5.) Additionally, VNB filed a Third Party Complaint (Doc. 6) alleging that NationsBank should be joined as a party in this action.

The Court in addressing Plaintiff's Motion for Summary Judgment, notes at the outset of this discussion the Court's usual reluctance in granting such motions. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c) (1998). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 607 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the court that there is an

absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir.1989).

Florida Statutes chapter 319.27(2) provides that:

> [N]o lien for purchase money or as security for a debt in the form of a security agreement, ... or other similar instrument upon a motor vehicle ... upon which a Florida certificate of title has been issued shall be enforceable in any of the courts of this state against creditors or subsequent purchasers for a valuable consideration and without notice, unless a sworn notice of such lien has been filed in the department and such lien has been noted upon the certificate of title of the motor vehicle ...

Fla.Stat. § 319.27.

That section requires (1) a sworn notice of lien be filed, *see Hardwick v. Petsch (Matter of Petsch)*, 82 B.R. 605 (Bankr. M.D.Fla.1988), and (2) the lien be noted on the certificate of title. *See Smith v. City of Miami Beach*, 440 So.2d 611 (Fla.3rd D.C.A.1983). The certificate of title attached to Trustee's Motion for Summary Judgment indicates one lien that was satisfied approximately five months before the debtors filed for bankruptcy protection. No other liens are noted on this certificate of title. Since VNB, or as VNB alleges, NationsBank failed to comply with Fla. Stat. § 319.27, VNB's security interest has not been perfected. The Court finds no issue of material fact to exist. As such, the lien is voidable pursuant to Section 544 of the Bankruptcy Code and summary judgment in favor of the Trustee is appropriate.

Upon granting summary judgment in favor of the Trustee, all that remains is a dispute between VNB and NationsBank that does not affect assets of the bankruptcy estate. Therefore, the Court will *sua sponte* dismiss VNB's Third Party Complaint.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment is granted.
2. VNB's Third Party Complaint is dismissed without prejudice to VNB seeking relief in an appropriate forum.
3. The trial set for June 29, 1999 at 9:00 a.m. is cancelled.

### *JUDGMENT*

The Court having granted Plaintiff's Motion for Summary Judgment, it is hereby **ORDERED** and **ADJUDGED**:

VNB Loan Services, Inc.'s ("VNB") lien, if any, on debtor's 1997 Chevrolet Camaro, an asset of the Bankruptcy Estate and the subject of this adversary proceeding, is void by virtue of Section 544 of the Bankruptcy Code and the failure to properly perfect any such lien under Florida law and the Trustee's interest in the vehicle is superior to that of VNB.