In re George TSIOLAS, Debtor.

Aaron R. Cohen, Trustee, Plaintiff,

v.

State of New Jersey, Division of State Lottery; George Tsiolas; Bergen County, New Jersey, Office of Probation; and Rosanne Shapiro, Defendants.

Bankruptcy No. 97–2510–3P7.
Adversary No. 97–277.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 14, 1999.

Gary L. Butler, Daytona Beach, FL, for plaintiff.

D. Lemar Smith, Jacksonville, FL, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding was brought before the Court by the complaint of Aaron R. Cohen ("Plaintiff"), Chapter 7 trustee of the bankruptcy estate of George Tsiolas ("Debtor"). (Adv.Doc. 1.) Plaintiff seeks a judgment declaring that the right to receive all lottery proceeds due Debtor after the petition date are property of the estate, and an order directing that these proceeds be turned over to Plaintiff. A Default and Judgment was entered in this adversary proceeding against Debtor; State of New Jersey, Division of State Lottery; and the Bergen County, New Jersey, Office of Probation. (Adv.Docs. 31–33.) The only remaining claim to the proceeds is that of Debtor's former wife, Rosanne Shapiro ("Defendant"). Defendant filed a Motion for Summary Judgment on May 4, 1999. (Adv.Doc. 42.) Subsequently, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment. (Adv.Docs. 43, 44.) At trial on May 11, 1999, the parties agreed to submit stipulated facts to allow the Court to dispose of this litigation by Summary Judgment. (Adv.Doc. 45.) At the Court's direction, the parties submitted post-trial briefs. (Adv.Docs. 47–49.) Upon stipulation of facts, argument and briefs, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT [1]

1. Debtor and Defendant had one child during their marriage, Michael Alexander Tsiolas, born on March 7, 1987.

2. On or about August 17, 1987, Debtor won the New Jersey Lottery in the amount of $747,771.00, entitling him to twenty annual installments of $37,500.00 commencing August 19, 1987.[2]

3. On or about October 26, 1989, Debtor was divorced from Defendant pursuant to a Consent Order entered in the Superior Court of New Jersey, Chancery Division, Bergen County ("the Consent Order"). (Adv. Doc. 49, Pl.['s] App. at tab 2.)

4. Pursuant to the Consent Order, Debtor was to pay Defendant $150.00 per week child support on behalf of Michael Alexander Tsiolas.

5. On April 7, 1997, Woodbridge Financial Corporation filed a petition in bankruptcy against Debtor on an involuntary basis, alleging a total indebtedness of $46,474.87. (Doc. 1.)

6. Debtor was delinquent on his child support payments as of the date the petition in bankruptcy was filed.

7. On August 18, 1997, Plaintiff commenced the instant adversary proceeding to compel turnover of the lottery payments due Debtor beginning August 19, 1997, and running through August 19, 2007, alleging them to be property of the estate. Defendant concedes that the lottery winnings are property of the estate.

---

**1.** On May 11, 1999, the parties submitted Stipulation of Fact, thereby agreeing to the material facts as summarized in the Court's Findings of Fact. (Adv.Doc. 46.)

**2.** Stipulation of Fact incorrectly states that Debtor won the New Jersey Lottery on August 7, 1997 and that payments commenced on August 19, 1997. (emphasis supplied).

8. It is undisputed that Defendant holds an 11 U.S.C. § 507(a)(7) priority claim regarding all delinquent child support payments due and owing as of the date the petition was filed.

9. However, Debtor never granted Defendant a security interest in the lottery proceeds. Further, Defendant never received a security interest or other assignment of the lottery proceeds as approved by a court of competent jurisdiction.

## CONCLUSIONS OF LAW

Plaintiff advances three arguments in support of his Motion for Summary Judgment. Plaintiff initially argues that Defendant does not have a perfected lien on the lottery proceeds because Defendant was not granted a valid security interest pursuant to the requirements of New Jersey Law.[3] Alternatively, Plaintiff asserts that Defendant is not entitled to an equitable lien and, even if she is, Plaintiff can avoid it pursuant to 11 U.S.C. § 544(a)(1). Defendant contends that she has an equitable lien on the lottery proceeds that secures her claim for future child support payments, and therefore, those funds should be disbursed in accordance with her claim.

### Standard for Motion for Summary Judgment

Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, provides for the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); FED.R.BANKR.P. 7056.

The burden of proof with respect to a motion for summary judgment rests with the moving party. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must then establish an essential element of its case for which it bears the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Absent such a showing, there is no genuine issue of material fact. *Id.* at 322–23, 106 S.Ct. 2548. However, the requirement for a genuine issue of material fact is not satisfied by the simple existence of a dispute between the parties. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

When a motion for summary judgment is at issue, the Court is required to view the facts in the light most favorable to the non-moving party. *Macks v. United States (In re Macks),* 167 B.R. 254, 256 (Bankr.M.D.Fla.1994) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). If the Court then determines that reasonable minds can come to but one conclusion, and that conclusion is in favor of the moving

---

**3.** *See* N.J.STAT ANN. § 5:9–13. (West 1999). Pursuant to New Jersey Statute § 5:9–13, a lottery winner may only pledge or grant a security interest in the winner's right to the proceeds if the grant or pledge is approved by a New Jersey state court or a federal court with jurisdiction over New Jersey assets. *Id.* However, Defendant does not assert that a lien was created in this manner and, in fact, admits noncompliance with the statute in Stipulation of Fact. (Adv.Doc. 46.) Further,

the Consent Order, standing alone, is not a final judgment that would create a lien on Debtor's interest in the lottery proceeds. *See Grant v. Louis (In re Coleman),* 192 B.R. 268, 271–72 (Bankr.M.D.Fla.1995) (holding Florida court order directing husband to pay former wife's attorneys' fees did not create lien on husband's assets pursuant to Florida general lien statute). Therefore, the Court need not and will not address this portion of Plaintiff's argument.

party, the Court must enter the judgment. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. In other words, the motion must be granted if the Court is satisfied that no real factual controversy is present so that the remedy can serve "its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material issue to be tried." *Lyons v. Board of Education,* 523 F.2d 340, 344 (8th Cir.1975). However, if reasonable minds could reach different conclusions, the Court must decline to enter the judgment. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505.

### Equitable Lien

■ When determining whether an equitable lien should be imposed, the Court must look to applicable state law. *See First Union National Bank of Florida v. Diamond (In re Diamond),* 196 B.R. 635 (Bankr.S.D.Fla.1996) (citing *Bob Cooper, Inc. v. City of Venice (Matter of Bob Cooper, Inc.),* 65 B.R. 609, 611 (Bankr. M.D.Fla.1986)). The prevailing view in Florida is that equitable liens may be founded upon two bases: (1) a written contract that indicates an intention to charge a particular property with a debt or obligation; or (2) a declaration by a court out of general considerations of right or justice as applied to the particular circumstances of a case. *See Jones v. Carpenter,* 90 Fla. 407, 413–14, 106 So. 127 (1925); *Ross v. Gerung,* 69 So.2d 650, 652 (Fla. 1954); *Bob Cooper,* 60 B.R. at 583.

■ In the instant proceeding, Defendant alleges that the Consent Order demonstrates a contractual intent to secure the child support obligation with a lien against the lottery proceeds. The Consent Order specifically addresses the lottery winnings and awards Defendant half of the proceeds as part of a division of marital property.[4] Although the Consent Order requires Debtor to pay child support payments to Defendant, it does not expressly grant a lien or security interest to secure those

payments. A thorough examination of the Consent Order reveals that the document was not intended to grant Defendant a lien on the lottery proceeds to secure her right to future child support payments.

Accordingly, the Court must now examine the second ground that supports granting an equitable lien in Florida. The Plaintiff points out that the bankruptcy court in *Diamond* stated that "the imposition of an equitable lien based upon general considerations of right or justice requires some equitable basis supporting a court's equitable jurisdiction such as fraud, mutual mistake, estoppel or reprehensible conduct." 196 B.R. at 639 (citations omitted). The Court notes that the court in *Diamond* was dealing with the imposition of an equitable lien on homestead real property, while in the present case, the Court is faced with the issue of whether an equitable lien should be imposed upon a specified source of money. 196 B.R. at 639. *See Fidelity Serv. Co. v. Grocki (In re Grocki),* 147 B.R. 274, 278 (Bankr. S.D.Fla.1992) (noting, when equitable lien sought against homestead real property, fraudulent or egregious act on part of homestead beneficiary must be proven); *Meltzer v. Mantovani (In re Meltzer),* 171 B.R. 166, 168–69 (Bankr.S.D.Fla.1994) (same); *see also Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co.,* 361 So.2d 156 (Fla.1978) (holding equitable estoppel suit involving real property must be supported by proof of fraud, misrepresentation, or other affirmative deception); *but see North Am. Airlines, Inc. v. McCracken (Matter of Jet Executive Int'l, Inc.),* 27 B.R. 61, 63 (Bankr.S.D.Fla.1983) (implying clear showing of fraud or misrepresentation needed to establish equitable lien against personal property).

■ In *Merritt v. Unkefer,* 223 So.2d 723 (Fla.1969), the Supreme Court of Florida hinted that a distinction exists between the requirements necessary to establish an

---

4. Defendant's half interest in the lottery proceeds is not at issue in this proceeding. Plaintiff only seeks title to Debtor's half interest in the annual payments.

equitable lien on real property as opposed to a specified fund. *See Bob Cooper,* 60 B.R. at 583. Further, in *Crane Co. v. Fine,* 221 So.2d 145, 148–49 (Fla.1969), the Florida Supreme Court was faced with the question of whether the record showed special and peculiar equities sufficient to support an equitable lien. In *Crane Co.,* a subcontractor asserted a right to an equitable lien on a contractor's hold-back fund for an amount due and owing the subcontractor for work he already performed at the time the subcontract was abandoned. *Id.* In holding that the facts were ample to support the subcontractor's right to an equitable lien on the fund, the court found that the subcontractor had demonstrated special and peculiar equities, and "a right of a special nature" to the "particular property[.]" While the Court agrees that a special and peculiar equitable basis is required to support the imposition of an equitable lien on a specified fund, that basis need not rise to the level of fraud, egregious behavior, or reprehensible conduct. *See Bob Cooper,* 60 B.R. at 583. Therefore, in the instant proceeding, the doctrine of equitable liens will be utilized if " ... the general considerations of right and justice dictate that one party has a special right to particular property and where there is an absence of an available lien or no adequate remedy at law." *Weissing v. Gerring (In re G & R Builders, Inc.),* 123 B.R. 654, 659 (Bankr. M.D.Fla.1990).

Based on the evidence presented, Defendant has failed to set forth evidence sufficient to support the imposition of an equitable lien under any instance. There are not special and peculiar equities present in this proceeding, nor does Defendant have a "right of a special nature" to the income stream from the lottery winnings. Without more, simply falling behind on child support payments is not a sufficient basis to support imposing an equitable lien on the lottery proceeds. Moreover, Defendant has an adequate remedy at law through the bankruptcy process as Debtor's obligation to pay future child support payments to Defendant is not dischargeable in bankruptcy. *See* 11 U.S.C. § 523(a)(5) (1999). Additionally, Defendant has neither alleged nor proved that Debtor engaged in fraud or other egregious behavior to support imposing an equitable lien. *See Merritt v. Unkefer,* 223 So.2d 723; *Rosen v. Fierro,* 340 So.2d 955 (Fla.Dist.Ct.App.1976); *Plotch v. Gregory,* 463 So.2d 432 (Fla.Dist.Ct.App.1985).

█ Furthermore, even if the Court concluded that the facts supported imposing an equitable lien on the lottery proceeds, the lien would be avoidable by Plaintiff as a hypothetical judicial lien creditor pursuant to § 544(a)(1). 11 U.S.C. § 544(a)(1) provides that the trustee is entitled to avoid any lien against estate property that would be voidable by:

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists ...

11 U.S.C. § 544(a)(1) (1999). The law is well settled in Florida that "the right of a subsequent valid lienholder, without notice, is superior to the right to the holder of an equitable lien." *Wilson v. Kleinfeld (In re Garrett Marine, Inc.),* 92 B.R. 519, 521 (Bankr.M.D.Fla.1988) (citing *Blumin v. Ellis,* 186 So.2d 286, 295–96 (Fla.2d Dist. Ct.App.), *cert. denied,* 189 So.2d 634 (Fla. 1966); *Westburne Supply, Inc. v. Community Villas Partners, Ltd.,* 508 So.2d 431 (Fla.1st Dist.Ct.App.)). *See Lynch, Pierce, Fenner & Smith v. George,* 516 So.2d 1068, 1069 (Fla.4th Dist.Ct.App.1987) (finding judgment lien creditor without notice takes priority over holder of equitable lien). Therefore, because a bankruptcy trustee stands in the shoes of a judgment creditor without notice, Plaintiff could have avoided an equitable lien had it been imposed. *See Garrett Marine,* 92 B.R. at 521; *G & R*

*Builders,* 123 B.R. at 659–60; *Cohen v. Spinelli (In re Simonelli),* 33 B.R. 777, 779 (Bankr.M.D.Fla.1983).

Defendant primarily relies on *In re Cox,* 200 B.R. 706 (Bankr.N.D.Ga.1996), to support the position that a lien to secure child support cannot be avoided by Plaintiff. However, in *Cox,* the state court that awarded the child support expressly granted the mother a prepetition security interest in the funds that were in dispute. 200 B.R. at 707, 709–10. Thus, the court in *Cox* found that the lien claim fell squarely within the exception to avoidability under § 506(d)(1) and could not be avoided by the trustee. *Id.* However, in the instant proceeding, Defendant was not granted a prepetition security interest, and absent a prepetition lien, Congress clearly intended that future support obligations were to be paid out of debtor's postpetition income, and not from estate property. *Coggin v. Coggin,* 30 F.3d 1443, 1452 (11th Cir.1994). Therefore, *Cox* is inapplicable and does not support Defendant's position.

### CONCLUSION

The Court finds that the Consent Order does not indicate a contractual intent to grant Defendant an equitable lien in the lottery proceeds. Furthermore, there are no peculiar and special equities present in this proceeding, nor does Defendant have a right of a special nature to the income stream from the lottery winnings. Therefore, Plaintiff owns the right to receive all lottery proceeds payable to Debtor after the date of the petition, and all such proceeds shall be turned over to Plaintiff. Based on the foregoing, because there are no questions of material fact, this proceeding may be decided as a matter of law, and Plaintiff's Motion for Summary Judgment is granted. A separate judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.