In re Edward L. MABBOTT, Sr., and Rena A. Mabbott, Debtors.

Gregory K. Crews, as Chapter 7 Trustee, Plaintiff,

v.

Margaret P. Brannon, Defendant.

Bankruptcy No. 00–2930–BKC–3F7.
Adversary No. 00–206.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 1, 2000.

---

4. *In re Collins,* 250 B.R. 645 (Bankr.N.D.Ill.  2000).

Gregory K. Crews, Jacksonville, FL, for Plaintiff.

### ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on Plaintiff's Motion for Judgment on the Pleadings filed September 22, 2000. (Doc. 9.) On June 29, 2000, Gregory K. Crews, Chapter 7 Trustee ("Plaintiff") in the case of Edward L. Mabbott, Sr. and Rena A. Mabbott ("Debtors"), filed a Complaint to Determine Validity, Extent, and Priority of Interest in Property of the Estate. (Doc. 1.)

The Complaint sought to avoid any purported interest of Margaret P. Brannon ("Defendant"), Rena A. Mabbott's mother, in a piece of Aiken, South Carolina real property owned by Debtors. Debtors listed Defendant as having a mortgage interest in the property in their schedules. However, Defendant's alleged mortgage has not been recorded or otherwise perfected. Therefore, Plaintiff seeks to avoid any interest of Defendant in the South Carolina property pursuant to the Trustee's strong-arm powers as enumerated in 11 U.S.C. § 544.

On September 14, 2000, Defendant filed a response in which she alleged that she had advanced Debtors $6,000.00 in order to make improvements on the land. (Doc. 7.) Defendant stated that she had seen no immediate need to indicate her mortgage on the face of the deed or to otherwise perfect it. Defendant attached to her response a cancelled check for $6,000.00 made out to Debtors.

On September 22, 2000, Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 7012, Federal Rules of Bankruptcy Procedure. Plaintiff argues that Plaintiff's Complaint sets out a prima facie case for the exercise of the Trustee's strong-arm powers to avoid Defendant's interest in the property. Plaintiff further contends that Defendant's response fails to refute any of the allegations of the Complaint and fails to present a viable affirmative defense. Therefore, Plaintiff concludes, the presentation of evidence is unnecessary and judgment should be entered in his favor.

Rule 7012 incorporates Rule 12(c), Federal Rules of Civil Procedure, into bankruptcy practice. A Motion for Judgment

on the Pleadings may be disposed of as a Motion for Summary Judgment pursuant to Rule 56 if materials outside the pleadings have been presented in support of either party's position. *See* FED. R. CIV. P. 12(c) (2000). The Court finds that a modified summary judgment standard, strictly deferential to the non-moving party, is also appropriate where a plaintiff files a motion for judgment on the pleadings based on the insufficiency of an answer. In those situations, including the instant case, the alternative standard for evaluating a motion on the pleadings—that of the 12(b)(6) motion to dismiss for failure to state a claim—is logically inappropriate.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2000). The moving party bears the initial burden of showing the court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 607 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the court that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *See Spence v. Zimmerman*, 873 F.2d 256 (11th Cir.1989).

The Court elects to take a three-step approach to cases wherein a Motion for Judgment on the Pleadings is filed by a plaintiff and grounded solely on the insufficiency of a defendant's answer. First, the Court must evaluate whether or not the materials brought forward by a plaintiff satisfy plaintiff's burden of allegation—essentially, whether or not a plaintiff has stated a cause of action upon which relief could be granted, assuming all facts are true as plead. The Court will not grant a motion for judgment on the pleadings in favor of a plaintiff whose pleadings fail to state a cause of action, no matter how insufficient a defendant's response may be.

Second, the Court must inquire into whether a defendant has sufficiently addressed a plaintiff's factual assertions. If a defendant effectively denies any of the essential facts of a plaintiff's complaint, then motion for judgment on the pleadings in favor of a plaintiff, on a strict summary judgment standard, is inappropriate. Because the Court must give the nonmovant's assertions substantial deference, a defendant need only use the word "deny" in good faith to avoid judgment on the pleadings on inadequate response grounds. If the Court finds that a defendant failed to so deny any one of the essential facts asserted by a plaintiff, then the allegations of a plaintiff are deemed established, and the Court proceeds to the third step.

The Court must finally inquire into whether or not defendant plead a legally viable affirmative defense, assuming all facts as alleged by defendant are true. If such a legally tenable defense has been alleged, then motion for judgment on the pleadings is inappropriate, because evidence must be heard on the defense. If a defendant fails to allege an affirmative defense or if such defense fails as a matter of law, then judgment on the pleadings may be entered.

In the instant case, Plaintiff alleged sufficient facts in his Complaint to maintain a cause of action against Defendant. In order to be entitled to the relief requested, Plaintiff must show that the South Carolina land is property of the

estate and that Plaintiff had no notice of any interest of Defendant in the property. Plaintiff sufficiently alleges satisfaction of those two elements in his Complaint.

The burden then shifts to Defendant to deny one of Plaintiff's two essential factual allegations. Again, Defendant need not supply any factual support but need only summarily refute Plaintiff's allegations as to the South Carolina property's ownership or as to Plaintiff's notice of Defendant's interest, assuming it exists, in the South Carolina property. Defendant did not deny any of Plaintiff's factual allegations at all. Therefore, the Court finds that Plaintiff's allegations must be taken as true, and that Plaintiff is entitled to a judgment avoiding any interest of Defendant in the South Carolina property absent some legally tenable affirmative defense. If Defendant did not allege a legally viable defense in her response to the Complaint, then the Court must conclude that no such defense exists and that Plaintiff is entitled to judgment without further proceedings.

■ The Court finds that Defendant failed to allege a legally viable defense. Defendant's response may assert an equitable lien defense to avoidance under South Carolina or Florida law. *See Anderson v. South Carolina Nat'l Bank (In re McWhorter)*, 37 B.R. 742, 745 (Bankr.D.S.C.1984); *see also Cohen v. New Jersey (In re Tsiolas)*, 236 B.R. 85, 88–89 (Bankr.M.D.Fla.1999). The Court will assume that the presence of an equitable lien in favor of Defendant has been established, according to the summary judgment standard of deference toward the allegations of the non-moving party. However, the interest of a judicial lien creditor such as a bankruptcy trustee is superior to an unperfected equitable security interest as a matter of law under South Carolina's recording act. *See* S.C. CODE ANN. § 30–7–10 (2000); *see also First Fed. Savings & Loan Ass'n of Charleston v. Bailey*, 316 S.C. 350, 450 S.E.2d 77, 81–82 (1994). Such an unperfected equitable interest is similarly subor-dinate to the interest of a judicial lien creditor under Florida law. *See* FLA. STAT. § 695.01 (2000); *see also Weissing v. Gerring (In re G & R Builders, Inc.)*, 123 B.R. 654, 659 (Bankr.M.D.Fla.1990).

Therefore, Defendant has failed to plead any legally viable affirmative defense to the avoidance of any interest she may have in the South Carolina property. The Court, having already determined that the allegations in the Complaint are established by Defendant's failure to deny them, concludes that Plaintiff is entitled to judgment on the pleadings, and will enter a separate Judgment in accordance with the above findings.

Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Judgment on the Pleadings is **granted**.