**In re Karen M. EILAND, Debtor.**

**Charles W. Grant, as Chapter 7 Trustee, Plaintiff,**

**v.**

**Raymond R. Grantham, Defendant.**

**Bankruptcy No. 99–06858–3F7.**
**Adversary No. 00–60.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 21, 2000.

Nina M. LaFleur, Jacksonville, FL, for Plaintiff.

Raymond R. Grantham, Belleview, FL, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on the Complaint filed by Charles W. Grant ("Plaintiff"), Trustee for the Chapter 7 estate of Karen M. Eiland ("Debtor") on February 18, 2000. (Doc. 1.) Plaintiff's Complaint seeks to avoid any interest of Raymond R. Grantham ("Defendant"), Debtor's ex-husband, in certain real property of the estate pursuant to 11 U.S.C. § 544(a)(3). Plaintiff further requests that the Court approve the sale of the property at issue pursuant to 11 U.S.C. § 363(h). On March 22, 2000, Defendant filed a letter that the Court construed as an answer. (Doc. 6.) On September 19, 2000 the Court held a trial on this Proceeding which pro se Defendant did not attend. The Court finds that Plaintiff may avoid any interest

of Defendant in the property at issue and may sell the property for the benefit of the estate. The Court further chooses to exercise its equitable powers under 11 U.S.C. § 105(a) and grant Defendant ownership of a portion of the real property at issue.

## FINDINGS OF FACT

On December 1, 1986, Debtor and Belleview Ridge Estates, Inc. entered into an Agreement for Deed conveying two lots ("Lot 18 and Lot 19") in the Belleview Ridge subdivision in Belleview, Marion County, Florida.[1] (Pl's Ex. 3.) On April 4, 1994, Debtor filed this Agreement in Marion County.

On May 4, 1987, Debtor and Belleview Ridge entered into an agreement for Deed conveying one lot ("Lot 20") in the Belleview Ridge subdivision in Belleview, Marion County, Florida.[2] (Pl's Ex. 3.) This Agreement for Deed was timely filed in Marion County.

On March 16, 1989, in preparation for their impending divorce, Debtor and Defendant entered into a Marital Settlement Agreement (Ex. A to Pl's Ex. 2.) The Agreement provided that Defendant relinquishes any pre-agreement rights to Lots 18, 19, and 20. Additionally, the Agreement provided that Defendant must continue to pay for one-half of the indebtedness on Lots 18, 19 and 20. Finally, the Agreement provided that Debtor release all rights, title or interest she may have in Lot # 20 to the Husband once the mortgage was satisfied. Defendant paid $15,000.00 to Debtor up front for Lot 20.

On March 20, 1989, the Florida Fifth Circuit Court, Marion County, Florida entered a Final Judgment of Dissolution of Marriage between Debtor and Defendant. (Pl's Ex. 2.)

On September 5, 1998, Debtor executed an Assignment of the Agreement for Deed for Lots 18 and 19 to Defendant. (Pl's Ex. 5.) On the same day, Debtor executed a separate, identical Assignment of the Agreement for Deed to Lot 20 to Defendant.

Defendant did not record either of these Assignments.

On September 5, 1998, Debtor additionally executed two quit claim deeds, one conveying Lots 18 and 19 to Defendant and one separately conveying Lot 20 to Defendant. (Pl's Ex. 4.)

Defendant did not record either of these quit claim deeds.

Defendant took possession of Lots 18, 19 and 20 and made them his permanent residence.[3]

On September 7, 1999 ("the petition date"), Debtor filed a voluntary Chapter 7 petition. (Pl's Ex. 1.) In her Schedule A Debtor listed interests in Lots 18 and 19. Debtor's Schedule D indicated that $2,600.00 of indebtedness to Reeves Realty was secured by Lots 18 and 19. Debtor's Schedule A indicated that there were no co-debtors on the property.

In her Statement of Intentions, Debtor indicated her willingness to abandon Lots 18 and 19. (Pl's Ex. 1.)

---

**1.** The Agreement for Deed legally describes the two Lots 18 and 19 as follows: "Lots 18 and 19, Block 'U,' " Belleview Ridge Estates, Second Addition. Plat Book G, Page 014, Public Records of Marion County, Florida.

**2.** The Agreement for Deed legally describes Lot 20 as follows: "Lot 20, Block 'U,' Belleview Ridge Estates, Second Addition. As re-

corded in Plat Book 'G,' Page 014, of the Public Records of Marion County, Florida."

**3.** It is unclear whether Defendant resided on the lots or on some portion thereof before the assignments and quit claim deeds. According to the Marion County Property Appraiser's assessment, a mobile home was placed on Lots 18 and 19 in 1995.

At the petition date, Lot 20 was subject to a $4,700.00 lien. Debtor does not list any interest in Lot 20 or any obligation on Lot 20 in her schedules.

In its 1999 assessment, the Marion County Property Appraiser's Office valued Lots 18 and 19 at $33,773.00—$7,056.00 for the land, $24,296.00 for buildings on the land (the mobile home where Defendant lives)[4], and $2,421.00 in miscellaneous improvements (fences and a well). (Pl's Ex. 6.) The Property Appraiser valued Lot 20 at $3,528.00 for land only. (Pl's Ex. 7.)

Plaintiff conducted a title search on Lots 18, 19 and 20 and found no records of any interest of Defendant in the property. Plaintiff discovered Defendant's presence on the property during a visual inspection, and subsequently filed the Complaint to avoid any interest of Defendant in the property.

## CONTENTIONS OF THE PARTIES

Plaintiff contends that § 544(a)(3), which confers upon a Chapter 7 trustee the status of a bona fide purchaser of real property without notice, allows him to avoid Defendant's unperfected interest in Lots 18, 19 and 20 despite the fact that the quit claim deeds transferring Lots 18, 19 and 20 effectively bind Debtor and Defendant. Plaintiff requests that the Court grant Plaintiff leave to sell Lots 18 and 19. Plaintiff finally asks that the Court exercise its equitable powers under 11 U.S.C. § 105(a) and grant Defendant ownership of Lot 20.

Defendant's answer raises an affirmative defense of equitable lien to the exercise of the § 544(a)(3) strong-arm avoidance powers. Defendant does not deny that his interests, if any, in Lots 18, 19 and 20 were unperfected at the petition date.

## CONCLUSIONS OF LAW

### I. AVOIDANCE OF THE TRANSFERS OF LOTS 18, 19 AND 20 PURSUANT TO § 544(a)(3)

Section 544(a)(3) of the Bankruptcy Code provides, in relevant part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a) (2000).

Under 11 U.S.C. § 544(a)(3), a Chapter 7 trustee stands in the shoes of a bona fide purchaser of real property and therefore may avoid a transfer of real property of a debtor if such transfer is avoidable by a bona fide purchaser of real property without notice. *See Grant v. V.N.B. Loan Services, Inc. (In re Barnes)*, 235 B.R. 664, 666 (Bankr.M.D.Fla.1999). In Florida, a subsequent bona fide pur-

---

4. There is some confusion as to whether Defendant resides on Lots 18 and 19 or Lot 20. The Court notes that Defendant lists as his address 12450 SE 87th Terrace, Belleview, Florida, the address of Lots 18 and 19. No address has been assigned to Lot 20. It is entirely possible that Defendant lives on Lot 20 and believes that it is a unit with Lots 18 and 19 and thus believes that the three lots share an address. In any event, Defendant did not appear at trial and present evidence as to which lot is his residence. Therefore, the Court accepts as fact Plaintiff's assertion that Defendant lives on Lot 20.

chaser of real property may avoid a prior transfer if the transfer is not perfected by the recording of the transfer in the county where the real property is located. *See* FLA. STAT. § 695.01(1) (2000).

 Knowledge of or participation in a transfer on the part of a debtor is not imputed to the trustee. *See Cohen v. Bellamy (In re Shannis)*, 229 B.R. 234, 236 (Bankr.M.D.Fla.1999). Therefore, a trustee may avoid an unperfected transfer between a debtor and a transferee even if perfection is unnecessary to bind debtor and transferee. *See id.*

 In the instant case, the Court finds that the transfers of Lots 18, 19 and 20 are unperfected. Plaintiff alleges that the assignments and quit claim deeds transferring Lots 18, 19, and 20 to Defendant were not filed in Marion County pursuant to FLA. STAT. § 695.01(1). Defendant did not controvert Plaintiff's contentions in his answer or counter them with evidence at trial. Therefore the Court finds that the Plaintiff's assertions are conclusively established and that the deeds are unperfected.

The Court therefore finds that Plaintiff may avoid the transfers of Lots 18, 19, and 20 as a bona fide purchaser of real property without notice pursuant to § 544(a)(3), absent some viable affirmative defense presented by Defendant.

Defendant's letter/answer appears to sketch out a potential equitable lien defense to avoidance. *See Cohen v. State of New Jersey, Div. of State Lottery (In re Tsiolas)*, 236 B.R. 85, 88–89 (Bankr. M.D.Fla.1999).

 However, assuming such an equitable lien exists, a trustee may as easily avoid an unperfected equitable interest as he could avoid an unperfected deeded interest. *See Tsiolas*, 236 B.R. at 89. "Because a bankruptcy trustee stands in the shoes of a judgment creditor [and bona fide purchaser] without notice, [the trustee] could have avoided an [unperfected] equitable lien had it been imposed." *Id.*

Defendant did not allege or prove that he perfected any equitable interest in Lots 18, 19, and 20 pursuant to FLA. STAT. § 695.01(1).

Therefore, the Court finds that Defendant's affirmative defense fails as a matter of law. Plaintiff may avoid any transfers of Lots 18, 19, and 20 to Defendant and may accordingly avoid any interest Defendant may have in Lots 18, 19 and 20.

## II. SALE OF LOTS 18, 19, AND 20 PURSUANT TO § 363(h) AND EQUITABLE TRANSFER OF LOT 20 TO DEFENDANT UNDER § 105(a)

Defendant has no legal interest in Lots 18, 19, and 20 because the Court avoided the unperfected transfer of Lots 18, 19, and 20 from Debtor to Defendant. Additionally, Plaintiff may avoid any unperfected equitable interest of Defendant in Lots 18, 19 and 20. Therefore, Lots 18, 19, and 20 belong wholly to the Chapter 7 estate and may be sold for distribution to creditors pursuant to § 363(h).

Plaintiff graciously requests that the Court exercise its § 105(a) equity power and grant Defendant ownership of Lot 20. Plaintiff argues that Defendant earned ownership of Lot 20 by paying for the property pursuant to the Marital Settlement Agreement and by making the property his sole residence.

 The Court finds that it is a proper exercise of its § 105(a) equitable powers to grant Defendant ownership of Lot 20. Plaintiff admits that Defendant paid value for the property, improved the property, and resides on the property full time under color of a valid transfer voidable only

by a bona fide purchaser without notice. It is therefore equitable to award ownership of the property to Defendant where Plaintiff, the bona fide purchaser, does not object.

Plaintiff may proceed with the sale of Lots 18 and 19 for the benefit of the estate.

## CONCLUSION

The Court concludes that Plaintiff may avoid the unperfected transfer of Lots 18, 19, and 20 to Defendant. The Court further finds that any equitable interest of Defendant in the property is unperfected and may be avoided by Plaintiff. Therefore, the Court finds that Lots 18, 19, and 20 are property of the estate and may be sold for distribution to creditors. The Court finally elects to exercise its equitable powers and grants Defendant ownership of Lot 20.

The Court will enter a separate Judgment in accordance with these Findings of Fact and Conclusions of Law.